THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARILETTA SMITH JONES, | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. _____ |
| GOOSEBUMPS, INC., BRUCE DOBBS, GEORGE KELLY AND MARK STEPHENS, Sr., | |
| **Defendants.** | |

---

# COMPLAINT

Plaintiff Cariletta Smith Jones ("Jones") brings this Complaint against Defendants Goosebumps, Inc., ("Goosebumps"), Bruce Dobbs ("Dobbs"), George Kelly ("Kelly"), and Mark Stephens, Sr. ("Stephens") (collectively "Defendants") and shows this Court as follows:

## I.    INTRODUCTION

1.

This is a wage and hour case. Defendants operate a nightclub in Atlanta under trade name of "Goosebumps" ("the nightclub").  They employed Jones as a bartender at the nightclub. During her employment, Defendants misclassified Jones as an independent contractor instead of an employee. Defendants accordingly

failed to pay Jones either minimum wages or overtime compensation as set forth in accordance with the FLSA.

## II.   JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Goosebump's principal business address is located in this judicial district, Dobbs, Kelly and Stephens reside in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## III.   PARTIES

4.

Jones resides in DeKalb County, Georgia.

5.

During the three years prior to the filing of this action through March 26, 2016 ("the Relevant Time Period"), Defendants operated the nightclub at 134

Baker Street, Atlanta, Georgia.

6.

Goosebumps is a domestic profit corporation organized under the laws of the State of Georgia.

7.

Goosebumps can be served via its registered agent Alan Begner, 5180 Roswell Road, N.E., South Building, Suite 100, Sandy Springs, Georgia 30328.

8.

Goosebumps is subject to the personal jurisdiction of this Court.

9.

Dobbs is a resident of Henry County, Georgia.

10.

Dobbs is subject to the personal jurisdiction of this Court.

11.

Dobbs is the CEO, CFO, and Secretary of Goosebumps.

12.

Dobbs can be served with process at his business address located at 134 Baker Street, Atlanta, Georgia or wherever he can be found.

13.

Kelly is a resident of Cobb County, Georgia.

14.

Kelly is subject to the personal jurisdiction of this Court.

15.

Kelly is a manager or supervisor at Goosebumps.

16.

Kelly can be served with process at his business address located at 134 Baker Street, Atlanta, Georgia or wherever he can be found

17.

Stephens is a resident of Cobb County, Georgia.

18.

Stephens is subject to the personal jurisdiction of this Court.

19.

Stephens is a manager or supervisor at Goosebumps.

20.

Stephens can be served with process at his business address located at 134 Baker Street, Atlanta, Georgia or wherever he can be found.

## IV.   ENTERPRISE COVERAGE

21.

During the Relevant Time Period, Goosebumps has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in

FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During 2014, Goosebumps had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Goosebumps had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2016, Goosebumps had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

At all times during the Relevant Time Period, Goosebumps was an enterprise engaging in interstate commerce by among other things, regularly selling alcoholic beverages that were produced and shipped from outside of the State of Georgia, regularly serving foods that were produced and shipped from outside of the State of Georgia, and regularly processing out-of-state credit card sales in the furtherance of its business.

26.

During 2014, Goosebumps had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2015, Goosebumps had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2016, Goosebumps had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times during the Relevant Time Period, Goosebumps had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, Goosebumps has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

V.   STATUTORY EMPLOYER ALLEGATIONS

31.

At all times material hereto, Goosebumps was an "employer" of Jones as

defined in FLSA § 3(d), 29 U.S.C. § 203(d).

32.

At all times material hereto, Jones was an "employee" of Goosebumps as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

33.

At all times material hereto, Dobbs exercised control over the work activities of Jones.

34.

At all times material hereto, Dobbs was involved in the day-to-day operation of the nightclub.

35.

At all times material hereto, Goosebumps vested Dobbs with supervisory authority over Jones.

36.

At all times material hereto, Dobbs exercised supervisory authority over Jones.

37.

At all times material hereto, Dobbs scheduled Jones' working hours or supervised the scheduling of Jones' working hours.

38.

At all times material hereto, Dobbs exercised authority and supervision over

Jones' compensation.

39.

At all times material hereto, Dobbs was an "employer" of Jones as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

40.

At all times material hereto, Jones was an "employee" of Dobbs as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

41.

At all times material hereto, Kelly exercised control over the work activities of Jones.

42.

At all times material hereto, Kelly was involved in the day-to-day operation of the nightclub.

43.

At all times material hereto, Goosebumps vested Kelly with supervisory authority over Jones.

44.

At all times material hereto, Kelly exercised supervisory authority over Jones.

45.

At all times material hereto, Kelly scheduled Jones' working hours or

supervised the scheduling of Jones' working hours.

46.

At all times material hereto, Kelly exercised authority and supervision over Jones' compensation.

47.

During the Relevant Time Period, Kelly directly and indirectly controlled Jones' work schedule.

48.

During the Relevant Time Period, Kelly was an "employer" of Jones as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

49.

During the Relevant Time Period, Jones was an "employee" of Kelly as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

50.

During the Relevant Time Period, Stephens exercised control over the work activities of Jones.

51.

During the Relevant Time Period, Stephens was involved in the day-to-day operation of the nightclub.

52.

During the Relevant Time Period, Goosebumps vested Stephens with

supervisory authority over Jones.

### 53.

During the Relevant Time Period, Stephens exercised supervisory authority over Jones.

### 54.

During the Relevant Time Period, Stephens scheduled Jones' working hours or supervised the scheduling of Jones' working hours.

### 55.

During the Relevant Time Period, Stephens exercised authority and supervision over Jones' compensation.

### 56.

During the Relevant Time Period, Stephens was an "employer" of Jones as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

### 57.

During the Relevant Time Period, Jones was an "employee" of Stephens as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### 58.

During the Relevant Time Period, Goosebumps directly and indirectly controlled bartenders' work schedules.

### 59.

At all times during the Relevant Time Period, Goosebumps vested its

managers with the authority to impose discipline upon its bartenders, including warnings, suspensions, and terminations.

60.

At all times during the Relevant Time Period, Goosebumps' managers supervised Jones on a day-to-day basis.

## VI.    FACTUAL ALLEGATIONS

61.

Defendants employed Jones from 2011 through March 26, 2016.

62.

At all times during the Relevant Time Period, Defendants employed Jones as a bartender.

63.

At all times relevant from July 2014 until approximately December 2015, Jones worked approximately 5-6 days during each work week.

64.

At all times relevant from approximately December 2015 through March 26, 2016, Jones worked approximately 5 days during each work week.

65.

During the Relevant Time Period, Defendants compensated Jones with a cash payment of $40.00 for each shift she worked.

66.

During the Relevant Time Period, Goosebumps did not employ Jones in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

67.

During the Relevant Time Period, Goosebumps did not employ Jones in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

68.

During the Relevant Time Period, Goosebumps did not employ Jones in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

69.

At all times material hereto, Goosebumps did not employ Jones in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

70.

At all times during the Relevant Time Period, Jones was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

71.

At all times during the Relevant Time Period, Jones was not exempt from

the maximum hours requirements of the FLSA by reason of any exemption.

72.

During the Relevant Period, Defendants failed to compensate Jones at a rate of $7.25 per hour for each hour she worked.

73.

At all times material hereto, Jones regularly worked more than 40 hours per week.

74.

During the Relevant Time Period, Defendants failed to pay Jones at one-and-one-half times her regular rate for work she performed in excess of 40 hours in a workweek.

## **COUNT ONE**

## **Failure to Pay Minimum Wage Violation of 29 U.S.C. § 206**

75.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

76.

At all times material hereto, Jones was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

77.

At all times material hereto, Defendants failed to compensate Jones at an hourly rate above or equal to the minimum wage.

78.

At all times material hereto, Defendants willfully failed to compensate Jones at an hourly rate above or equal to the FLSA minimum wage.

79.

Jones is entitled to payment of minimum wages by Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

80.

As a result of the willful failure to pay minimum wages as alleged above, Jones is entitled to an award of liquidated damages from Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

81.

As a result of the failure to minimum wages as alleged above, Defendants are jointly and severally liable to Jones for her costs of litigation, including her reasonable attorney's fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT II

## <u>Failure to Pay an Overtime Premium</u>

## <u>in Violation of 29 U.S.C. § 207</u>

82.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

83.

At all times material hereto, Jones was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

84.

During the Relevant Time Period, Jones regularly worked in excess of forty (40) hours per week as a dance for Defendants.

85.

During the Relevant Time Period, Defendants failed to compensate Jones at one-and-one-half times her regular rate for work in excess of forty (40) hours in any work week.

86.

During the Relevant Time Period, Defendants willfully failed to Jones at one and one half times her regular rate for work in excess of forty (40) hours in any work week.

- 15 -

87.

Jones is entitled to payment from Defendants, jointly and severally, of due but unpaid overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

88.

As a result of the failure to pay overtime compensation as alleged above, Jones is entitled to an award of liquidated damages from Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

89.

As a result of the failure to pay overtime compensation as alleged above, Defendants are jointly and severally liable to Jones for her costs of litigation, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, Jones requests that this Court:

a.   Award Jones an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid minimum wages due under the FLSA plus additional like amounts in liquidated damages;

b.   Award Jones an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid overtime wages due under the FLSA plus additional like amounts in liquidated damages;

c.      Award Jones prejudgment interest on all amounts owed;

d.      Award Jones her reasonable attorney's fees and costs of litigation; and

e.      Award any and such other relief this Court deems just, equitable and

proper.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,**
**FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower          */s/ Charles R. Bridgers*
101 Marietta Street NW          Charles R. Bridgers
Atlanta, GA 30303               Georgia Bar No. 080791
404.979.3150
404.979.3170 (fax)              */s/ Kevin D. Fitzpatrick, Jr.*
charlesbridgers@dcbflegal.com   Kevin D. Fitzpatrick, Jr.
kevin.fitzpatrick@dcbflegal.com Georgia Bar No. 262375

**COUNSEL FOR PLAINTIFF**